## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **CITIZENS FOR RESPONSIBILITY** | ) | |
| **AND ETHICS IN WASHINGTON,** | ) | |
| 455 Massachusetts Ave., N.W. | ) | |
| Washington, D.C.  20001 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| **CONSUMER FINANCIAL** | ) | |
| **PROTECTION BUREAU,** | ) | |
| 1700 G Street, N.W. | ) | |
| Washington, D.C.  20552 | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

1.     This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C.

§ 552, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, for injunctive,

declaratory, and other appropriate relief. Plaintiff Citizens for Responsibility and Ethics in

Washington ("CREW") challenges the refusal of the Consumer Financial Protection Bureau

("CFPB" or "Bureau") to disclose to CREW in response to a FOIA request records pertaining to

communications between CFPB Acting Director Mick Mulvaney and payday lender World

Acceptance Corporation.

2.     This case seeks declaratory relief that the CFPB is in violation of the FOIA, 5

U.S.C. § 552(a)(3)(a), by refusing to provide CREW all responsive, non-exempt documents, and

injunctive relief ordering the defendant CFPB to process and release to CREW immediately the

requested records.

**Jurisdiction and Venue**

3.      This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B). The Court also has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 2201(a), and 2202. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

**Parties**

4.      Plaintiff CREW is a non-profit, non-partisan organization organized under section 501(c)(3) of the Internal Revenue Code. CREW is committed to protecting the rights of citizens to be informed about the activities of government officials and agencies, and to ensuring the integrity of government officials and agencies. CREW seeks to empower citizens to have an influential voice in government decisions and in the government decision-making process through the dissemination of information about public officials and their actions. To advance its mission, CREW uses a combination of research, litigation, and advocacy. As part of its research, CREW uses government records made available to it under the FOIA.

5.      Defendant CFPB is an agency within the meaning of 5 U.S.C. § 552(f) and 5 U.S.C. § 701. The CFPB has possession and control of the requested records and is responsible for fulfilling plaintiff's FOIA requests.

**Factual Background**

6.      On November 24, 2017, President Donald Trump announced he had named Mick Mulvaney as the acting director of the CFPB.

7.      Mr. Mulvaney has long been an advocate for the payday lender industry. Between 2011 and 2017, when he served in the U.S. House of Representatives, then-Rep. Mulvaney (R-SC) received nearly $60,000 in campaign donations from payday lenders. He also

sponsored several bills that would have loosened supervision over the payday loan industry, and introduced legislation to abolish the CFPB altogether, calling the Bureau a "sick, sad" joke.

8.      After Mr. Mulvaney became the acting director of the CFPB, the agency put on hold a rule that would have restricted payday lenders and the excessively high-interest rates they charge for payday loans, and dropped a lawsuit against on-line lenders that were charging 900 percent interest rates.

9.      On January 22, 2018, World Acceptance Corporation announced in a press release that the CFPB had closed its four-year investigation into the company's marketing and lending practices without recommending any enforcement action.

10.     On January 25, 2018, CREW submitted a FOIA request by email to the CFPB for two categories of records: (1) copies of all communications between Acting Director Mulvaney and anyone acting on behalf of World Acceptance Corporation from November 27, 2017 to the present, and (2) copies of all communications between then-Rep. Mulvaney and the CFPB that concern or mention in any way World Acceptance Corporation from January 1, 2011 through February 16, 2017.

11.     CREW sought a waiver of fees associated with processing its request, explaining the requested records would contribute to a greater public understanding of the outside influences on the CFPB's investigations and Acting Director Mulvaney's possible role in securing the end of an investigation into one of his campaign contributors. As CREW explained, the public interest is at an apex when questions are raised about the motivations or and outside influences on an agency head like Acting Director Mulvaney who so radically changes the agency's direction. CREW also requested that it be treated as a representative of the news media for purposes of search or review fees.

12.     By letter sent by email on January 25, 2018, the CFPB confirmed receipt of

CREW's request and advised CREW its fee waiver request will be held in abeyance pending the

quantification of responsive records. The CFPB also advised CREW the agency had determined

CREW to be a media requester.

13.     To date, the CFPB has neither provided CREW with a determination on its

request nor provided CREW any information on the status of its request. CREW therefore has

exhausted all applicable administrative remedies with respect to its January 25, 2018 FOIA

request.

## PLAINTIFF'S CLAIM FOR RELIEF

### (Wrongful Withholding of Non-Exempt Records)

14.     Plaintiff repeats and re-alleges the preceding paragraphs.

15.     In its January 25, 2018 FOIA request, plaintiff properly asked for records within

the custody and control of the CFPB.

16.     Defendant CFPB wrongfully withheld from disclosure agency records requested

by plaintiff in its January 25, 2018 FOIA request.

17.     By failing to release the records as plaintiff specifically requested, defendant

violated the FOIA.

18.     Plaintiff therefore is entitled to injunctive and declaratory relief with respect to the

immediate processing and disclosure of the records requested in its January 25, 2018 FOIA

request.

### Requested Relief

WHEREFORE, plaintiff respectfully requests that this Court:

(1) Order defendant CFPB to immediately and fully process plaintiff's January 25, 2018

FOIA request and disclose all non-exempt documents immediately to plaintiff;

(2) Issue a declaration that plaintiff is entitled to immediate processing and disclosure of

the records requested in its January 25, 2018 FOIA request;

(3) Provide for expeditious proceedings in this action;

(4) Retain jurisdiction of this action to ensure no agency records are wrongfully withheld;

(5) Award plaintiff its costs and reasonable attorneys' fees in this action; and

(6) Grant such other relief as the Court may deem just and proper.

Respectfully submitted,

Anne L. Weismann
(D.C. Bar No. 298190)
Adam J. Rappaport
(D.C. Bar No. 479866)
Citizens for Responsibility and Ethics
     in Washington
455 Massachusetts Ave., N.W.
Washington, D.C.  20001
Phone: (202) 408-5565
Facsimile: (202) 588-5020

Dated:  March 7, 2018                    *Attorneys for Plaintiff*